### R. E. WHATLEY v. STATE.

No. 3240. Opinion Filed Oct. 1, 1919.

(183 Pac. 925.)

Appeal from County Court, Bryan County; Lewis Paullin, Judge.

R. E. Whatley was convicted of a violation of the prohibitory law, and he appeals. Affirmed.

Crockett & Fowler and Victor C. Phillips, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error. R. E. Whatley, was convicted on a charge that he did sell to one S. Saunders, for the sum of $12, three quarts of alcohol, and in accordance with the verdict of the jury was sentenced to be confined in the county jail for 30 days and to pay a fine of $50. From the judgment he appeals.

The errors assigned are: (1) That the court erred in overruling the motion for a new trial; (2) that the court erred in giving instruction No. 6; (3) that the court erred in its rulings admitting incompetent evidence on the part of the state, and in refusing to admit competent evidence on the part of the defendant; (4) because of inability of plaintiff in error to make and file in this court a true and correct case-made, for which condition plaintiff in error is in no wise responsible.

The record shows that the plaintiff in error acted as his own counsel, and that he refused the offer of the court to appoint him counsel.

No objection was made or exception taken during the course of the trial, and the testimony was not taken by the court reporter. The record contains the following statement of the trial judge:

"The statement of the county judge, Lewis Paullin, with reference to the fact that it is his recollection that he asked the defendant and

counsel for the state if they needed a stenographer to take the evidence in the case, and both answered in the negative."

The motion for new trial was based on the ground of newly discovered evidence. Attached to the same is what purports to be a statement of the evidence in the case but the same is not authenticated. In the absence of a duly authenticated transcript of the testimony taken upon the trial, the question as to whether the court erred in overruling the motion for a new trial on the ground of newly discovered evidence is not before the court. The question could not be raised in that manner.

Finding no error in the record proper, the judgment is affirmed.